**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| In Re: | * | Case No. 26-30714<br>Judge Mary Ann Whipple |
| David and Alicia Hess | * | Chapter 11 Proceeding |
| | * | |
| Debtors | | |
| | * | |

**OBJECTION TO THE PROOF OF CLAIM FILED BY JOHN SCACCIA (CLAIM NO. 34-1)**

Now comes the Debtors, David and Alicia Hess, ("Debtors"), by and through undersigned counsel, and hereby files this Objection to Proof of Claim Number 34-1 filed by John Scaccia. ("Claimant"). As and for this Objection, the Debtors state:

On April 2, 2026, the Debtors commenced this case by filing a voluntary petition under Chapter 12 of the United States Bankruptcy Code. At the commencement of the case, the Debtor, David Hess, held a 100% interest in a limited liability company, D&D Total Repair, LLC. ("D&D"). This business operated as a towing company. D&D, however, has ceased operations.

Prior the commencement of the bankruptcy case, an employee of D&D, Jason Sands, ("Mr. Sands") was involved in an auto accident while operating a tow truck for D&D. This accident occurred on February 24, 2024. The accident occurred with a vehicle driven by the Claimant. Tragically, the Claimant's daughter died as a result of the injuries she incurred in the accident.

Based upon the accident, on May 5, 2025, the Claimant, individually and as the executor of the estate of his daughter, filed a lawsuit in the Hancock Court of Common Pleas, designated Case Number 2025 CV 00172. ("Lawsuit"). D&D and Mr. Sands are the only named defendants

in this Lawsuit. Neither of the Debtors are named as defendants. At the time of the accident, D&D maintained an insurance policy with a policy limit of $2,000,000.00. The insurance company is defending D&D in the lawsuit. A trial is set on the matter for November 2, 2026.

Based upon the Lawsuit, the Debtors listed the Claimant as a potential creditor in the case. The claim amount in the Debtors schedules was listed in an "unknown" amount and set forth as unliquidated and disputed. On June 10, 2026, the Claimant filed a proof of Claim in this case, designated claim number 34-1. ("Claim"). The Claim amount is set forth in the amount of $10,000,000.00. The basis for the Claim is set forth as "Wrongful Death, Negligence and other claims per attached complaint; Alter Ego/ Piercing Corporate Veil." The Claimant attached to its Claim the Complaint filed in the Lawsuit.

Section 502(b) of the Bankruptcy Code controls the claims allowance process in a bankruptcy case and provides, in relevant part, that if an objection is made:

> . . . the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—
>
> > (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured;

The Debtors assert that the Claim of the Claimant is not enforceable against the Debtors.

First, neither of the Debtors are named as parties in the Lawsuit. This omission of the Debtors from the lawsuit is fatal for the Claimant's Claim. In this regard, the Claimant's Claim is not contractual in nature, but is rather based in tort. Thus, by failing to name either of the Debtors in the Lawsuit, the Debtors have not been afforded any opportunity to defend against any potential liability which may arise in the Lawsuit.

Second, Ohio Revised Code § 1705.48(B), sets forth that members, managers, and officers of LLCs are not held personally liable for the debts, obligations, or liabilities of the company solely by reason of holding a position as member, manager or officer. Although in limited circumstances, the structure of a business entity may be disregarded, and an individual owner of a company held liable for the obligations of a company, such a situation only arises in rare circumstances.

In *Belvedere Condominium Unit Owners' Assn. v. R.E. Roark Cos., Inc.*, 617 N.E.2d 1075, 67 Ohio St.3d 274 (Ohio 1993), the Ohio Supreme Court held that a corporate form may only be disregarded and individual shareholders held liable for wrongs committed by the corporation when all the following circumstances are present:

> (1) control over the corporation by those to be held liable was so complete that the corporation has no separate mind, will, or existence of its own;
>
> (2) control over the corporation by those to be held liable was exercised in such a manner as to commit fraud or an illegal act against the person seeking to disregard the corporate entity; and
>
> (3) injury or unjust loss resulted to the plaintiff from such control and wrong.

The Ohio Supreme Court later addressed the standard under the second of the above requirements, holding in paragraph 29 of its decision that "to fulfill the second prong of the Belvedere test for piercing the corporate veil, the plaintiff must demonstrate that the defendant shareholder exercised control over the corporation in such a manner as to commit fraud, an illegal act, or a similarly unlawful act. Courts should apply this limited expansion cautiously toward the goal of piercing the corporate veil only in instances of extreme shareholder misconduct." *Dombroski v. WellPoint, Inc.*, 119 Ohio St.3d 506 (2008).

In this matter, there is simply nothing which would indicate that the separate entity structure of D&D should be ignored so as to hold the Debtors liable for the debts of the company. To begin with, the claims brought by the Claimant in the Lawsuit do not allege any intentional misconduct, but sound purely in negligence. Likewise, D&D held insurance in the amount of $2,000,000.00, to cover claims, such as that brought by the Claimant, for any liability which arose from the operation of the business. In addition, the separate legal nature of D&D was honored, with D&D maintaining separate bank accounts and filing its own tax returns.

For these reasons, the Debtors state the Claim of the Claimant is not enforceable against them under § 502(b) and thus should not be allowed.

**WHEREFORE**, the Debtors requests that the Court sustain their Objection to Proof of Claim Number 34-1 filed by John Scaccia by entirely disallowing the Claim, and that the Court enter any other relief in favor of the Debtors it deems to be just and equitable

.

Respectfully submitted

*/s/Eric R. Neuman*

Eric R. Neuman (0069794)
DILLER & RICE
Attorney for Debtors
1105-1107 Adams Street
Toledo, Ohio 43604
Phone: (419) 724-9047
Fax: (419) 238-4705
eric@drlawllc.com

**CERTIFICATE OF SERVICE**

I, Eric R. Neuman, do hereby certify that a copy of this Objection was mailed or electronically sent to the following attached list of interested parties and creditors this day of 7th day of August 2026.

*/s/Eric R. Neuman*
Eric R. Neuman

Notice will be electronically mailed to:

David J. Claus dclaus@tiffinlaw.com, Bianca@tiffinlaw.com
Milos Gvozdenovic mgvozdenovic@weltman.com, ecfndoh@weltman.com
John J. Hunter jhunter@agcredit.net, hgates@agcredit.net;dstarner@agcredit.net;sparker@agcredit.net
Cynthia A. Jeffrey bankruptcy@weinerlaw.com
Eric R. Neuman Eric@drlawllc.com,
kim@drlawllc.com;r50765@notify.bestcase.com;raymond@drlawllc.com;jennifer@drlawllc.com
Kenneth M. Richards krichards@LNLattorneys.com
Michael David Stultz calendar@stultzstephan.com
Andrew W. Suhar asuhar@suharlaw.com,
oh36@ecfcbis.com;mstewart@suharlaw.com;AWS@trustesolutions.net;trustee@suharlaw.com
United States Trustee (Registered address)@usdoj.gov

Notice will be mailed to:

John Scaccia
Ryan D. Saba, Rosen Saba, LLP
Zev Shechtman, Saul Ewing LLP
1888 Century Park East Suite 1500
Los Angeles, CA 90067